IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSHUA HARRIS
#969495                                                                                          PLAINTIFF

v.                                     3:24-cv-00205-DPM-JJV

NORTHEAST ARK COMMUNITY
CORRECTIONS CENTER, MEDICAL                                                 DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Joshua Harris ("Plaintiff") is a prisoner in the Mississippi County Detention Facility who has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Id.*

Plaintiff says that while he was in the Northeast Arkansas Community Corrections Center ("NEACCC") in April of 2023, unnamed medical providers stopped all medications he had been receiving for bipolar disorder and psychosis.  (Doc. 2.)  As a result, Plaintiff allegedly went "haywire," began hearing voices, and fled the facility in July 2023 because he believed people there were "out to get me." (*Id*. at 5.)  Soon thereafter, criminal charges were filed against Plaintiff for escaping from the NEACCC.  *See State v. Harris*, 47OCR-24-101 (Mississippi County Circuit Court, Osceola District).  And those charges are still pending.  (*Id*.)  In this § 1983 action, Plaintiff seeks monetary damages for the allegedly inadequate mental health care he received at the NEACCC and the dismissal of the pending escape charge.  (Doc. 2 at 6.)

The State of Arkansas has an important interest in enforcing its criminal laws, and Plaintiff may raise claims regarding his mental competency during his state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012).  Furthermore, Plaintiff has not raised facts suggesting bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate.  *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Assn*., 457 U.S. 423, 435 (1982).  Thus, *Younger* abstention applies.  Plaintiff seeks monetary relief, and he does not challenge the constitutionality of any state statutes.  Thus, his constitutional claim raised in this civil proceeding should be stayed until the criminal charges, including any appeals, are resolved in state court.  *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-604 (8th Cir. 1999).

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's civil constitutional claim be STAYED and this case be ADMINISTRATIVELY TERMINIATED until *State v. Harris,* 47OCR-24-101 (Mississippi County Circuit Court, Osceola District), including any appeal, is resolved in state court.

2. The Court impose a deadline for Plaintiff to file a Motion to Reopen this case after his state criminal proceeding are concluded.

DATED this 7th day of November 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE